IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>YACOB ABDUL FREEMAN,<br><br>Defendant. | Criminal Action Number 3:02CR060-3 |

**MEMORANDUM OPINION**

THIS MATTER comes before the Court on Defendant YACOB FREEMAN's Response to this Court's August 15, 2005 Order directing Defendant to show cause why the Court should excuse his failure to file his § 2255 Motion within the time period established by the Court's Order of March 25, 2004. Also before the Court is the Government's Motion to Dismiss § 2255 Motion. For the reasons stated, the Government's Motion to Dismiss is GRANTED, and Defendant's § 2255 Motion is DISMISSED.

**I.   BACKGROUND**

On February 5, 2003, the Court sentenced Defendant to 188 months in prison following his guilty plea to Count Two of the Superseding Indictment, charging him with possession with the intent to distribute cocaine base, aiding and abetting. Pursuant to the terms of the Plea Agreement, Defendant did not appeal the Court's February 5, 2003 Judgment. On February 23, 2004, more than a year later, the Court received a Motion by Defendant to extend the time for filing a § 2255 motion. On March 25, 2004, the Court granted the Motion and ordered Defendant to file his § 2255 motion on or before May 24, 2004. On August 17, 2004, nearly three months after the deadline had passed, the Court received a handwritten letter-Motion for Leave to File a § 2255 Motion from Defendant, asking the Court to file

his § 2255 application, which he attached to the Motion for Leave. The attached § 2255 Motion was dated February 27, 2004. In his August 17, 2004 letter-Motion, Defendant declared that he mailed his original § 2255 Motion to the Court on March 9, 2004. Additionally, Defendant stated that he mailed copies to the United States "District Attorney," his defense counsel, and his sister. He claimed that his sister received her copy and that he did not understand why the Clerk's Office did not receive a copy. On September 15, 2004, the Court denied Defendant's letter-Motion for Leave to File a § 2255 Motion. As justification, the Order briefly stated that Defendant failed to file his § 2255 Motion within the time prescribed by the Court's March 25, 2004 Order setting a May 24, 2004 filing deadline.

On May 3, 2005, Defendant submitted a Motion "for an All Purpose Writ 28 U.S.C. § 1651 . . . (Pursuant to U.S.C. 28, Rule 60(b)(4)7(6)) [sic]." (emphasis added). In the Memorandum in Support of that Motion, Defendant articulated § 2255 arguments attacking his guilty plea and complaining that he was sentenced to more than ten (10) years' imprisonment, despite the Government's and his defense counsel's representations to the contrary. Defendant acknowledged that his Rule 60(b) Motion was essentially his way of presenting his § 2255 arguments that the Court refused to consider due to the untimely filing of his § 2255 Motion. For example, Defendant stated, "Judge[] Spencer refused to hear [the § 2255 Motion] . . . . He said the time limit was up and the Court would not entertain a petition after the one[-]year period . . . . Thusly [sic], the door to the court via[] [§] 2255 was closed tight. So the Rule 60(4) & (6) seem my [sic] only chance back in my said [sic] original sentencing district court." (Def.'s Mem. Supp. Rule 60(b) Mot. 4.)

On August 15, 2005, the Court entered an Order in response to Defendant's May 3, 2005 Motion. The Court directed the Clerk to mark Defendant's previously submitted § 2255 Motion as filed as of August 17, 2004. As for the May 3, 2005 Rule 60(b) Motion, the Court decided to construe it as an amendment to Defendant's § 2255 Motion. The Court directed Defendant to show cause within

thirty (30) days why the Court should excuse his failure to file his § 2255 Motion by the May 24, 2004 extended deadline specified in the Court's March 25, 2004 Order.

## II.   DEFENDANT'S RESPONSE TO SHOW-CAUSE ORDER

On September 19, 2005,[1] Defendant responded to the Court's August 15, 2005 Order in a handwritten letter. Defendant attempts to offer an explanation for why his § 2255 Motion was not filed until nearly three months after the May 24, 2004 extended filing deadline. Defendant explains that his § 2255 Motion was completed and ready to be placed in the mailbox at U.S.P. Coleman on February 27, 2004, but, unexpectedly, the institution was placed on lock-down status that remained in effect until March 8, 2004. Defendant claims that he then placed his § 2255 Motion in the mailbox designated for legal mail, which should be documented in a log book. Defendant suggests that the Court issue a subpoena for the log book, since Defendant no longer resides at that institution and cannot obtain a copy himself.

Defendant states that on April 22, 2004, he was transferred to Springfield Medical Center for federal prisoners and remained there for thirteen (13) months, until May 4, 2005. He reminds the Court of his health problems since being diagnosed with rheumatism and several other ailments. He also states that he waited several months after sending his § 2255 Motion but never heard anything from the Court. After consulting with law library clerks, Defendant contacted the Clerk's Office and was informed that the Court never received his § 2255 Motion. Defendant explains that he did not know that he should have used certified mail to ensure that the Court would receive his Motion.

---

[1] Defendant actually filed a Motion for Extension of Time on September 12, 2005, in support of which he included a letter typed and signed by his "Case Manager," indicating that Defendant did not receive a copy of the Court's August 15, 2005 Order until September 6, 2005. Defendant was transferred from his facility in Florida to a facility in Pennsylvania. The delay in his receipt of the August 15, 2005 Order was attributable to the need to re-route his incoming mail.

### III. GOVERNMENT'S MOTION TO DISMISS

The Government argues simply that Defendant's § 2255 Motion should be dismissed as untimely. Defendant was sentenced on February 5, 2003 and did not appeal.[2] As such, Defendant's conviction became final as of February 5, 2003, and the one-year window for requesting habeas relief expired one year later. As the Government suggests, Defendant's request in late February 2004 to extend the deadline for filing a § 2255 Motion was filed over two weeks after the one-year statute of limitations had already run. For that reason alone, the Government asks that the § 2255 Motion be denied as barred by the one-year statute of limitations under 28 U.S.C. § 2255. The Government argues that Defendant's assertions that his institution was on lock-down status between February 27 and March 8, 2004 are irrelevant since, by that time, his § 2255 Motion was already time-barred.

### IV. DISCUSSION

Pursuant to the Court's August 15, 2005 Order, Defendant was to show cause why the Court should excuse his failure to file his § 2255 Motion by May 24, 2004, the deadline established by the Court's March 25, 2004 Order. Defendant's response to the Show-Cause Order offers no explanation other than an implicit suggestion that the § 2255 Motion he claims to have placed in U.S.P. Coleman's legal mail outbox on March 9, 2004 was lost.

The answer to this mystery may lie in the fact that Defendant never sent a copy to the Clerk's Office as he claims to have done on March 9, 2004. Attached as Exhibit 7 to his Memorandum in Support of his Rule 60(b) Motion is a copy of a letter he sent to the Court, addressed to Mr. Judge Spencer, notarized on March 8, 2004. In the letter, Defendant renewed his request for an extension of time to file his § 2255 application. Defendant indicated that he completed his petition and was waiting

---

[2] One of the provisions of Defendant's Plea Agreement was that he would forego appellate review.

for the Court to rule on his Motion for Extension of Time, received on February 23, 2004.  Obviously, though, the Court's March 25, 2004 Order granting an extension of time to file a § 2255 motion should have informed Defendant that the Court had not received his original submission that he claimed had been mailed on March 9, 2004.  Even if the Court were to assume that Defendant did not receive a copy of the extension Order until the first part of April 2004, Defendant had almost two months to submit his § 2255 Motion to correct any error.  Defendant should have known that as of March 25, 2004, the Court was not in receipt of his § 2255 Motion.

Before construing a post-conviction motion labeled as something other than a § 2255 motion or not labeled at all as a § 2255 motion, a court must notify the movant of its intention to do so.  See United States v. Emmanuel, 288 F.3d 644, 649 (4th Cir. 2002).  In its August 15, 2005 Order, this Court notified Defendant of its intention to construe Defendant's Motion "for an All Purpose Writ 28 U.S.C. § 1651 . . . (Pursuant to U.S.C. 28, Rule 60(b)(4)7(6)) [sic]" as an amendment to his § 2255 Motion that was marked filed on August 17, 2004.  Although all signs indicated that Defendant's § 2255 Motion was time-barred (filed approximately six months after the one-year statute of limitations had run, and approximately three months after the court-imposed deadline of May 24, 2004), out of fairness to Defendant, the Court gave him a chance to show cause why the Court should excuse the untimely filing of his § 2255 Motion.  Defendant has not, however, offered the Court any legitimate excuse as to why his § 2255 Motion was not received by the May 24, 2004 deadline.

Two observations in particular warrant the Court's attention.  First, Defendant claims to have sent copies to his sister, his attorney, the Government, and the Court on March 9, 2004.  Of those four intended recipients, apparently only Defendant's sister received the § 2255 Motion.  It is curious that only one out of four intended recipients is alleged to have received the Motion.  Notably, Defendant has not submitted any proof, by affidavit or otherwise, that even his sister received the Motion.  The Fourth

5

Circuit has held that the regularity of the mail service is "such that proof of mailing is prima facie proof of receipt by the addressee." Elmore v. United States, 465 F.2d 1232, 1234 (4th Cir. 1972). A letter is presumed to have been received, however, only if the movant first proves that the envelope was actually mailed. See In re Cendant Corp. Litig., 157 F. Supp. 2d 376, 390 (D.N.J. 2001). Defendant has offered the Court no such proof.

A second point also warrants emphasis. As already explained, Defendant insists that he mailed his § 2255 Motion on March 9, 2004, before the Court had issued its ruling on his extension request filed on February 23, 2004. The Court finally issued an Order granting the extension request on March 25, 2004, which also directed Defendant to file his § 2255 Motion by May 24, 2004. Upon receiving a copy of the Court's March 25, 2004 Order in late March or early April 2004, Defendant knew or reasonably should have known that the Court had not yet received his § 2255 Motion. Nevertheless, Defendant failed to contact the Court until mid-August 2004, an omission that necessarily influences the Court's ruling.

## V. CONCLUSION

Upon due consideration, and because Defendant has not identified any good cause to excuse the untimely filing of his § 2255 Motion, the Government's Motion to Dismiss § 2255 Motion is hereby GRANTED, and Defendant's § 2255 Motion is DISMISSED.

An appropriate Order shall issue.

/s/ James R. Spencer
CHIEF UNITED STATES DISTRICT JUDGE

ENTERED this  17th  day of August 2006